Milton Grunwald (MG-0009)
Grunwald & Seman, PC
Attorneys for the Defendants
Hillside Auto Mall, Inc and Ronald Baron
T: 516-248-8889
E: mg@gslawyers.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ARLENE TILLER,

              Plaintiff,

    v.

XTREME AUTO SALES II, INC.,
HILLSIDE AUTO MALL, INC.
ABED ATIYEH AND RONALD BARON,

              Defendants
-------------------------------------------------------X

Docket No.: 13-CV-6582 (CS/GAY)

**ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES &
CROSS CLAIM**

**(PURSUANT TO FRCP 38(B) THE
ANSWERING DEFENDANTS
DEMAND A TRIAL BY JURY)**

      The Answering Defendants, HILLSIDE AUTO MALL, INC. and RONALD BARON, by and through its attorneys, GRUNWALD & SEMAN, P.C., as and for its Answer to the Plaintiff's Complaint, respectfully alleges as follows:

### *AS TO THE INTRODUCTION*

1.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "1"of the Plaintiff's Complaint and refer questions of fact to the trier of fact and questions of law are respectfully referred to this Honorable Court for determination.

2.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "2"of the Plaintiff's

1

Complaint.

## AS TO JURISDICTION AND VENUE

3.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "3"of the Plaintiff's

Complaint and refer questions of fact and law are respectfully referred to this Honorable

Court for determination.

4.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "4"of the Plaintiff's

Complaint and refer questions of fact and law are respectfully referred to this Honorable

Court for determination.

5.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "5"of the Plaintiff's

Complaint and refer questions of fact and law are respectfully referred to this Honorable

Court for determination

6.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "6"of the Plaintiff's

Complaint and respectfully refer questions of fact and law to this Honorable Court.


## AS TO THE PARTIES

7.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "7"of the Plaintiff's

Complaint.

2

8. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "8"of the Plaintiff's Complaint.

9. Admits the allegations in Paragraph numbered "9" of the Plaintiff's Complaint.

10. Denies each and every allegation contained in paragraphs numbered "10" of the Plaintiff's Complaint.

11. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "11"of the Plaintiff's Complaint.

12. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "12"of the Plaintiff's Complaint.

13. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "13"of the Plaintiff's Complaint.

14. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "14"of the Plaintiff's Complaint.

15. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "15"of the Plaintiff's Complaint.

16. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "16"of the Plaintiff's Complaint.

17.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "17"of the Plaintiff's Complaint.

18.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "18"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court.

19.     Admits the Allegations in Paragraph numbered "19" of the Plaintiff's Complaint that Ronald M. Baron [hereinafter "Baron"] was a one of the shareholders of Hillside at the time of the alleged transaction.

20.     Admits the Allegations in Paragraph numbered "20" of the Plaintiff's Complaint that Baron is one of the shareholders of Hillside.

21.     Admits the Allegation in Paragraph numbered "21" of the Plaintiff's Complaint that Baron is a resident of Nassau County and Denies the allegation that Baron's primary place of business is Hillside.

22.     Denies each and every allegation contained in paragraphs numbered "22" of the Plaintiff's Complaint.

23.     Denies each and every allegation contained in paragraphs numbered "23" of the Plaintiff's Complaint

24.     Denies each and every allegation contained in paragraphs numbered "24" of the Plaintiff's Complaint.

25.   Denies each and every allegation contained in paragraphs numbered "25"

of the Plaintiff's Complaint.

26.   Denies each and every allegation contained in paragraphs numbered "26"

of the Plaintiff's Complaint.

## *AS TO THE FACTS*

27.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "27"of the Plaintiff's

Complaint.

28.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "28"of the Plaintiff's

Complaint..

29.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "29"of the Plaintiff's

Complaint.

30.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "30"of the Plaintiff's

Complaint.

31.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "31"of the Plaintiff's

Complaint.

32.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth as alleged in Paragraph numbered "32"of the Plaintiff's Complaint.

33.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "33"of the Plaintiff's Complaint.

34.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "34"of the Plaintiff's Complaint.

35.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "35"of the Plaintiff's Complaint.

36.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "36"of the Plaintiff's Complaint.

37.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "37"of the Plaintiff's Complaint.

38.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "38"of the Plaintiff's Complaint.

39.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "39"of the Plaintiff's

Complaint.

40 Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "40"of the Plaintiff's Complaint.

41. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "41"of the Plaintiff's Complaint.

42. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "42"of the Plaintiff's Complaint.

43. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "43"of the Plaintiff's Complaint.

44. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "44"of the Plaintiff's Complaint.

45 Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "45"of the Plaintiff's Complaint.

46 Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "46"of the Plaintiff's Complaint.

47    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
      of the allegations set forth  as alleged in Paragraph numbered "47"of the Plaintiff's
      Complaint.

48    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
      of the allegations set forth  as alleged in Paragraph numbered "48"of the Plaintiff's
      Complaint.

49    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
      of the allegations set forth  as alleged in Paragraph numbered "49"of the Plaintiff's
      Complaint.

50    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
      of the allegations set forth  as alleged in Paragraph numbered "50"of the Plaintiff's
      Complaint.

51    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
      of the allegations set forth  as alleged in Paragraph numbered "51"of the Plaintiff's
      Complaint.

52    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
      of the allegations set forth  as alleged in Paragraph numbered "52"of the Plaintiff's
      Complaint.

53    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
      of the allegations set forth  as alleged in Paragraph numbered "53"of the Plaintiff's
      Complaint.

54    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "54"of the Plaintiff's
Complaint.

55      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
of the allegations set forth  as alleged in Paragraph numbered "55"of the Plaintiff's
Complaint.

56      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
of the allegations set forth  as alleged in Paragraph numbered "56"of the Plaintiff's
Complaint.

57      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
of the allegations set forth  as alleged in Paragraph numbered "57"of the Plaintiff's
Complaint.

58      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
of the allegations set forth  as alleged in Paragraph numbered "58"of the Plaintiff's
Complaint.

59      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
of the allegations set forth  as alleged in Paragraph numbered "59"of the Plaintiff's
Complaint.

60      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
of the allegations set forth  as alleged in Paragraph numbered "60"of the Plaintiff's
Complaint.

61      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
of the allegations set forth  as alleged in Paragraph numbered "61"of the Plaintiff's

Complaint.

62   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "62"of the Plaintiff's Complaint.

63   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "63"of the Plaintiff's Complaint.

64   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "64"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court

65   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "65"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court.

66   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "66"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court.

67   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "67"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court.

68   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "68"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court.

69      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "69"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court.

70      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "70"of the Plaintiff's
        Complaint.

71      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "71"of the Plaintiff's
        Complaint.

72      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "72"of the Plaintiff's
        Complaint.

73      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "73"of the Plaintiff's
        Complaint.

74      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "74"of the Plaintiff's
        Complaint.

75      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "75"of the Plaintiff's
        Complaint.

76      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "76"of the Plaintiff's Complaint.

77      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "77"of the Plaintiff's Complaint.

78      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "78"of the Plaintiff's Complaint.

79      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "79"of the Plaintiff's Complaint.

80      Denies each and every allegations set forth in Paragraph numbered "80"of the Plaintiff's Complaint.

81.     Denies each and every allegations set forth  in Paragraph numbered "81"of the Plaintiff's Complaint.


## AS TO COUNT I
## TRUTH IN LENDING ACT, 15§§1601 et seq. ("TILA")

82.     Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "81", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "82" fo the Plaintiff's Complaint.

83.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "83"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

84.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "84"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

85.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "85"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

86.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "86"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

87.     Denies each and every allegations set forth in Paragraph numbered "87"of the Plaintiff's
        Complaint.

88.     Denies each and every allegations set forth in Paragraph numbered "88"of the Plaintiff's
        Complaint.

89.     Denies each and every allegations set forth in Paragraph numbered "89"of the Plaintiff's
        Complaint.

90.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "90"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

91.     Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

13

of the allegations set forth  as alleged in Paragraph numbered "91"of the Plaintiff's

Complaint and respectfully refers questions of fact and law  to this Honorable Court

92.      Denies each and every allegations set forth in Paragraph numbered "92"of the Plaintiff's

Complaint.

## AS TO COUNT II
## VIOLATION OF NEW YORK CIVIL USURY LAWS

93.      Repeats, reiterates and realleges each and every response to Paragraphs numbered "1"

through "92", inclusive, of the Plaintiff's Complaint, with the same force and effect as

though fully set forth herein, in response to Paragraph numbered "93" fo the Plaintiff's

Complaint.

94.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "94"of the Plaintiff's

Complaint and respectfully refers questions of fact and law  to this Honorable Court

95.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "95"of the Plaintiff's

Complaint and respectfully refers questions of fact and law  to this Honorable Court

96.      Denies each and every allegations set forth in Paragraph numbered "96"of the Plaintiff's

Complaint and respectfully refers questions of fact and law  to this Honorable Court.

97.      Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy

of the allegations set forth  as alleged in Paragraph numbered "97"of the Plaintiff's

Complaint and respectfully refers questions of fact and law  to this Honorable Court

98.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "98"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court

99.   Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "99"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court

100.   Denies each and every allegations set forth in Paragraph numbered "100"of the Plaintiff's Complaint.

## AS TO COUNT III
## FRAUD

101.   Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "100", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "101" fo the Plaintiff's Complaint.

102.   Denies each and every allegations set forth in Paragraph numbered "102"of the Plaintiff's Complaint

103.   Denies each and every allegations set forth in Paragraph numbered "103"of the Plaintiff's Complaint

104.   Denies each and every allegations set forth in Paragraph numbered "104"of the Plaintiff's Complaint

105.   Denies each and every allegations set forth in Paragraph numbered "105"of the Plaintiff's

Complaint and respectfully refers questions of fact and law to this Honorable Court.

106.  Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "106"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

107.  Denies each and every allegations set forth in Paragraph numbered "107"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court.

108.  Denies each and every allegations set forth in Paragraph numbered "108"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court.

109.  Denies each and every allegations set forth in Paragraph numbered "109"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court.

110.  Denies each and every allegations set forth in Paragraph numbered "110"of the Plaintiff's Complaint.


## AS TO COUNT IV
## NYGBL § 350 (Unlawful False Advertising)


111.  Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "110", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "111" fo the Plaintiff's Complaint.

112.  Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "112"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

113.    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "113"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

114.    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy
        of the allegations set forth  as alleged in Paragraph numbered "114"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

115.    Denies each and every allegations set forth  Paragraph numbered "115"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

116.    Denies each and every allegations set forth in Paragraph numbered "116"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court

117.    Denies each and every allegations set forth in Paragraph numbered "117"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court.

118     Denies each and every allegations set forth in Paragraph numbered "118"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court.

119     Denies each and every allegations set forth in Paragraph numbered "119"of the Plaintiff's
        Complaint and respectfully refers questions of fact and law  to this Honorable Court.

120.    Denies each and every allegations set forth in Paragraph numbered "120"of the Plaintiff's
        Complaint..


## AS TO COUNT V
## RECESSION/MISTAKE


121     Repeats, reiterates and realleges each and every response to Paragraphs numbered "1"

17

through "100", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "121" fo the Plaintiff's Complaint.

122. Denies each and every allegations set forth in Paragraph numbered "122"of the Plaintiff's Complaint

123. Denies each and every allegations set forth in Paragraph numbered "123"of the Plaintiff's Complaint

124. Denies each and every allegations set forth in Paragraph numbered "124"of the Plaintiff's Complaint

125. Denies each and every allegations set forth in Paragraph numbered "125"of the Plaintiff's Complaint

126. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "126"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court

127. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth  as alleged in Paragraph numbered "127"of the Plaintiff's Complaint and respectfully refers questions of fact and law  to this Honorable Court

128. Denies each and every allegations set forth in Paragraph numbered "128"of the Plaintiff's Complaint

## AS AND FOR A FIRST SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

129.  Plaintiff fails to state  causes of action for which relief may be granted

against the Answering Defendants.


## AS AND FOR A SECOND SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

130.  Plaintiff has failed to name an indispensable party; to wit: Gino Migliorini, who executed

the Alleged Documents which form the basis of this Claim


## AS AND FOR A THIRD SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

131.  The Answering Defendant and the Co-Defendants are complete and totally different

entities and individuals, who hold no interest or management role in the affairs, conduct

or activity of the other.

## AS AND FOR A FOURTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

132.  That upon information and belief, the damages alleged were caused by the culpable

conduct of some third party or persons over whom this Answering Defendant exercised

no direction, control or supervision.

## AS AND FOR A FIFTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

133.   That if the Plaintiff, was damaged as alleged in the Complaint, said damages were caused

by the independent intervening conduct of a person whom this Answering Defendant

exercised no direct control or supervision.

## AS AND FOR A SIXTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

134.   Plaintiff has failed to plead her causes of action including Fraud with particularity as

Against the Answering Defendant.

## AS AND FOR A SEVENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

135.   If any damages were sustained by the Plaintiff, which damages are expressly denied, then

all such damages will have been caused and brought about by the affirmative, active,

willful, reckless, negligent, wrongdoing of the Plaintiff, or its agents, without similar acts

on the Part of the Answering Defendants.

## AS AND FOR A EIGHTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

136.   Any damages suffered by the Plaintiff were caused, in whole or in part, by its own

negligence and/or lack of due diligence, misconduct and breach of express and implied

contractual and statutory obligations, and any recovery must be diminished in proportion

to that part of its damages so attributable to her culpable conduct.

## AS AND FOR A NINTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

137.    That the Answering Defendants, their officers, agents, servants, and/or employees at all

times mentioned in the Complaint, acted without malice, without intent to cause harm or

injury, in good faith and with probable cause and justification and without such action

having exceeded that which was required under the circumstances.

## AS AND FOR A TENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

138.    That pursuant to 15 USC 1641(a), the Plaintiff's claim alleging violations of he Truth-in

Lending Act, 15 USC §§1601 et seq. (TILA), cannot be brought against the Answering

Defendant because there are no apparent violations on the face of the TILA disclosure

statements provided to the Plaintiff.

## AS AND FOR A ELEVENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

139.    That the Plaintiff does not allege the Documents signed were false, but only that it was

mislead by the Defendants, the Answering Defendant cannot be held liable if there are no

misrepresentations "apparent on its face" of the loan documents.

## AS AND FOR A TWELFTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

140     The Plaintiff seeks to be unjustly enriched, a cause of action that has not been asserted.

## AS AND FOR A THIRTEENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

141     The Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## AS AND FOR A FOURTEENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

142     The Plaintiffs failed to exercise, as mandated by law, good faith in its relationship with

the Answering Defendants; thus should be barred from seeking any relief herein.

## AS AND FOR A FIFTEENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

143     The Plaintiff's claim is barred by virtue of his own bad faith and the doctrines of waiver,

estoppel, laches, consent, ratification and acquiescence

## AS AND FOR A SIXTEENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

144     The Plaintiff sues Ronald Baron in his individual capacity.  Ronald Baron did not

participate in the transaction, communicate with the Plaintiff, make any  representations,

let alone fraudulent ones to the Plaintiff, or sanction the allegations committed, upon

information and belief,  by other named individuals and/or Co-Defendants.  Any such

alleged actions, which are expressly denied, would have been committed in either a

Corporate Capacity or as an Employee, Agent or Servant of a Answering Defendant.

## AS AND FOR A CROSS CLAIM BY THE ANSWERING DEFENDANTS
## AGAINST THE CO-DEFENDANTS,
## XTREME AUTO SALES II, INC. And ABED ATIYEH
## for INDEMNIFICATION

145     If the Plaintiff sustained any damages as set forth in the Complaint through the culpable

conduct of any person or persons other than the Plaintiff, then the alleged damages were

sustained in whole or in part by reason of the culpable conduct of one or more of the Co-

Defendants, XTREME AUTO SALES II, INC. And ABED ATIYEH; then is such instance if the Plaintiff establishes any damages as set forth in the Complaint, and if the Plaintiffs obtains a recovery against either or both of the Answering Defendants, the Answering Defendants are entitled to full indemnity and/or contribution from, and judgment over and against the remaining Co-Defendants, XTREME AUTO SALES II, INC. And ABED ATIYEH;, for all or part of any verdict the Plaintiffs may recover against the Answering Defendants.

**WHEREFORE**, the Answering Defendants:

[a]   Deny the Allegations set forth in the Complaint; and

[b]   Deny the Plaintiffs are entitled to Judgment against the Answering Defendants on any of its causes of action; and

[c]   Deny the Plaintiff is entitled to any relief sought in the Complaint against the Answering Defendants; and

[d]   Demand Judgment dismissing the Complaint and an award of costs and disbursements of this action against adverse parties; and,

[e]   Demand Judgment determining the comparative liability of the parties to this action and awarding Judgment to the Answering Defendants on the Cross-Claim against the Co-Defendants, XTREME AUTO SALES II, INC. And ABED ATIYEH, for indemnification and/or contribution, and

[f]   and for such other and further relief as this Court deems just and proper.

23

Dated:        November 6, 2013
              Garden City, New York

                        Respectfully submitted,

                        GRUNWALD & SEMAN, P.C.
                        *Attorneys for the Defendants,*
                        HILLSIDE AUTO MALL, INC. and RONALD BARON.

                        /S/_____
                        by Milton Grunwald, Esq.      (MG-0009)
                        100 Garden City Plaza; Suite 203
                        Garden City, New York 11530
                        Telephone:  516-248-8889
                        mg@gslawyers.com

To:           Peter T. Lane, Esq.
              SCHLANGER & SCHLANGER, LLP
              Attorney for the Plaintiff
              9 Est 40th Street, Suite 1300
              new York, NY 10016
              Telephone: 1-914-946-1981, extension 109
              peter.lane@schlangerlegal.com

              Abed Atiyeh and Xtreme Auto Sales II, Inc.
              150-45 Hillside Avenue
              Jamaica, NY 11432